on behalf of the appellant, Reynald D. Dervishaj. I represented the appellant in the district court with respect to the 2255 proceedings as well. So this argument is kind of filtered up here. It's filtered up here for a correct reason. As you know from the brief, Your Honor, Mr. Dervishaj was convicted of three counts at trial for conspiracy to engage in Hobbs Act extortion. And then underneath each of those conspiracies were substantive acts of Hobbs Act extortion plus weapon possession. We argue that the substantive counts, the attempted Hobbs Act extortion, and also the threats in furtherance of Hobbs Act extortion are the same offense charged twice. They're multiplicity. They should have been dismissed before trial. They should have been dismissed at the end of trial when it was clear that that occurred. And then as a result of these counts being charged this way, there are some prejudices that occurred, which is fine, obviously. The first way was, you know, they talk about this in the case law with respect of trying an individual in front of several counts when actually there are only one conspiracy and three substantive acts instead of six, or nine substantive acts and three conspiracies, which just makes a difference in the eyes of the jury. But the more important case goes to sentencing. You can't, if you have two counts that are charged like this, it can be remedied afterwards in terms of the double jeopardy aspect. But that requires a dismissal of the lesser included offense. And as we present in the, it doesn't require to simply a concurrent sentence, in other words, to those offenses. So the relief that you're entitled to is the dismissal of the number of counts on which concurrent sentences were imposed. That is correct. We would ask for two things. One, the all-encompassing relief that this actually affected his right to a fair trial and a due process, and therefore, that everything should be dismissed. However, I understand my better argument is not exactly that one. It's more along the lines of we need a new re-sentencing. This needs to be sent back to the district court where the district court can get back to a point and make legal conclusions and actually address this matter. Well, Judge Vitaleano sentenced, what, a grand total of six days? For all the substantial counts, yeah. Because the 924C counts were so onerous, I think that makes sense. I mean, it's a consecutive stack of enhanceabilities to a 25-year sentence. Can you consider the prospect that if you got a re-sentencing and you were right on the multiplicity, that the remaining substantive counts might produce longer sentences? That may occur. I actually think that's a patent. Is your client aware of that risk? I'm sorry, your own client's aware of that risk? Yes, but I don't think there's a risk of anything higher, only because, first of all, there's two things. The law's changed with respect to 924C count. The stacking is no longer committed in that way, at least the enhanced stacking. And in addition to that, the law's changed with respect to what constitutes a crime of violence, period, for purposes of 924C offense. But, Nathan, if I can also add on, my thought on the subject is, if the substantive counts are dismissed at some point and the court would have to dismiss the lesser-included offense of those substantive counts, you're stuck with an intent offense. Which one is the lesser-included? Well, I'll put it to you this way. Which is the greater and which is the lesser? Because I'm having trouble following. Well, they're both charged under the same statute. Right. OK? The exact statute, which is found in the notes on here. But we're arguing that the greater included, the greater offense, is the attempt. And only because, as pointed out by the government, their argument is that the attempt and the threats and furtherments of a crime to extort are required proof of a different fact. And the threats and furtherments, they're saying that the defendant did not need to know about the extortion. They're arguing that each requires a fact that the other does not. And therefore, one is not a lesser-included offense. So I'm trying to understand, what is your theory as to that? I would counter that. And I'm trying to explain that. I'm sorry, Your Honor. I'm not doing a very good job of voicing it. However, the government proves that in the point that I'm making. They say that even if the jury was not defined in Kershaw, was aware of the claim to extort, that only demonstrates that Counts 3, 7, and 11 are lesser-included offenses of the attempt offenses. I find it difficult to distinguish. And I'll look at the elements that they present in each of their, for each of the offenses. For example, for attempted Hobbs Act extortion, the defendant can commit Hobbs Act extortion, and a substantial step in furtherance. For the other offense, which is the threats, you need to make the threats in order to further the offense, the Hobbs Act extortion. There's a distinction about the difference there. It's hard to further offense without having any knowledge that the offense is heard. Well, the example the Supreme Court used, where a guy goes into a store and says, you owe me $5,000. And if you don't, it's not going to go well for you. And the guy says, I can't pay it. He walks out, and he goes down to one of his underlings and says, go pop that guy in the store. He doesn't say why. And the guy goes in and pops him in the store. That's an act of violence in furtherance of extortion, right? Correct. Right? And the other fellow, excuse me, the other fellows attempted Hobbs Act extortion because he has the intent to extort money from the individual. Right? Yes, Your Honor. And respectfully, with those set of facts, there could be instances where these two counts could be charged in the single embankment, and they're not multiplicities. But in this case, they simply are, because they don't require an extra proof of fact. The element of knowing, I will put it this way, Your Honors, the substantial step aspect of the attempt offense is simply the same step that occurs for the threats and furtherance of crime and violence in this case. It's the same exact step. There is nothing different that needed to be proved. The same facts that prove the satisfied conviction on those offenses, the same factual scenario, there's no different victim. It's the same person, the same factual scenario. This is exactly the same conduct charged in two different counts. The fact that the threats and furtherance, that element that they didn't need to know about the actual act, well, he did know about it for purposes of the attempt offense. But that shows that the threats are simply a lesser-included offense of the attempt offense. To begin with, the threats were the acts and furtherance of the Hobbs Act extortion. And with that, I see my time is up. So your point is that on the particular facts of this case, the theory against the defendant encompassed both the attempt at Hobbs Act extortion and threatening to establish the attempt. And by itself, then, therefore, established the threatening or committing physical violence in furtherance of. And even though technically, in furtherance of, one didn't need to know that it was to further an extortion, that was indeed the theory of the government at the time of the trial. That's where it appears. Based on the reading, based on the language of the indictment, jury instructions, closing arguments, everything else, yes. All right, it's the same exact theory. Thank you. Thank you, Your Honor. Go ahead. Good morning, Your Honor. If you may please look forward, my name is David Berman, and I'm assistant United States Attorney in the Eastern District of New York. And I'll address the balance counsel's arguments in full. The appeal fails for three clear reasons. The first one is not just addressed for Your Honors, is that it was not unreasonable as a member of law under Strickland that trial counsel did not move to dismiss the indictment on multiplicity grounds. And that's because at the time at issue, so in prior sentencing at trial, when this motion supposedly should have made, the government is not aware of any case in this circuit, within this circuit, across the country, that held. And I'm sorry. This part of your argument, I guess, troubles me a little. You're suggesting this isn't a situation where there was some change in the law that then made these multiplicities. If they were multiplicities at the time, I mean, nothing in the law has changed. You seem to just be saying, well, because there hasn't been a case that's ruled on this, the fact that a claim that could be made based on the face of the record, not on some special law, that counsel didn't make, well, that can't be a problem. Because prior to that, we can't find a case where this was successful. But that's not, nothing in the law changed the fact that this issue hadn't, that there hadn't been a decision that, you know, specifically addressed that. To me, it's not the same as saying, oh, a counsel wouldn't have known to address this. Because the law on multiplicity has been, has not changed, right? Yes, you're right, Your Honor. But it's lack of a law in this circuit and across the country that Strickland is concerned with prevailing professional morals of the time and age is not concerned with a counsel's inability to predict the future or predict subsequent development. That's not producing, it's not predicting the future. The law didn't change. At the time of this trial, it was known, reasonable counsel all knew that if there are multiplicity charges, you should seek to just have them dismissed, correct? Correct, Your Honor, but I'm saying. Wait, I'll let you respond. So that law has not changed, and reasonable counsel would know that that is what you're supposed to do if there are duplicitous or multiplicitous charges. Now, between then and when this was raised, what is the law that changed? What is the rule that changed such that it wouldn't have been reasonable for an attorney to look at the indictment and look at the charges and say, oh, wait a minute. There's duplicates in here, I should move to get rid of those. What law changed? I'm saying, which we did in our brief, Your Honors, among other cases, the LaPava case from the Circuit of Phillips, which both in sum and substance said, and I'm now quoting from the LaPava case, we acknowledge that the law is not an exact science. The rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized. But what's unsettled? The question of whether these counts are multiplicitous, is that what you're arguing was unsettled? Correct, Your Honor. There is not one case that even addressed the question of all those cases. You know, one question I have, just out of curiosity, is this like an Eastern District thing, having these charges? I've never seen an extortion case that was charged this way with these two counts. Five years as prosecutor in, you'll forgive the expression, the Southern District of New York, plus nearly 10 on the trial court bench in the Southern District of New York. I never saw this pattern of the two, put aside the multiple conspiracies, the two different versions of attempted Hobbs Act robbery. And all of the cases that have been cited, as Judge Weinstein, Judge Garifas, and Judge Kogan have confronted this, and each dealt with it in slightly different ways, starting in, I guess, 2018 with Judge Weinstein. You guys still doing this? Your Honor, I'm personally not in a position to answer one way or the other. I'm on trial counsel here, and I'm obviously in positions of the office, and so the decision's among many. But referring to here, again, whether or not with a policy decision or a prosecutorial decision, Your Honor believes it should or should not have been. I don't believe anything. I'm just hoping that somebody in your office is taking a look at this and deciding whether this is worth the candle. I'm not sure why it ever happened, but it just seems a weird way to charge this stuff. In a sense, and this is just guessing on my part, but in reading your brief, I almost got the impression that this was a deliberate step that was taken because of concern about whether or not Hobbs Act, there would be crime of violence issues relating to the Hobbs Act extortion. And so the addition of this threatening violence in support of, that that was sort of deliberately put in that in case there's a problem with Hobbs Act. Like, I got that impression just from reading your brief that that's why these were being charged in this way. Again, I'm discounting Your Honor's questions. I wasn't a trial counselor. I'm the officer personally involved with the charging decisions. I'm not in a position to personally speak on the nuances between why and why not certain charges were brought. They were not brought, but I can tell you here again, it is, as we said in our brief, and I recognize what Your Honor said, there were three cases after sentencing that addressed the question of complicity in the context. But that's not what Strickland asks. No, Judge Garifuss, I think his was in a pretrial motion. But Judge Weinstein dismissed these counts post-trial, which seems to me to be a perfectly good way of curing this sort of thing. So I'm having, again, there are, isn't it your point that, first of all, it's not 100% clear that these are multiplicitous. Even to this day, we only have district court decisions on that subject. And Judge Kogan said, I'm not going to do anything pretrial on this in the first place. So I'm wondering, it may be standard procedure for defense lawyers to attack multiplicitous counts. But I'm not so sure that it's necessarily worth the candle in every case to do it, because you have the opportunity after the trial. And I don't know how much prejudice there is from dealing with, I mean, from the standpoint of the judge, I would hate this. Because why do I need to charge the jury about all these conflicting possible charges when it's one story? They either did this or they didn't do this. The defendant's either guilty or not of the extortion and gun charges. And I don't think it makes any difference. But I don't know that it's necessarily a major strategic blunder not to invest your efforts in making a pretrial multiplicity motion, however standard par for the course it is to make them. I'll answer your question first. And my apologies if I misspoke. I meant that those decisions, those three came out after the sentencing is missed. Yes, right. And again, whether or not counsel should have done that, from a subjective standpoint, that's not the standard. It's objectively unreasonable. And again, there's no case law that the government is aware that has held that an unsettled proposition of law, like here, at that time, could be grounds for a finding of an objective unreasonable substantive. As to Your Honor's second point, you're right. The government's position is that, including a set of conspiracy counts, which the government also submits were not multiplicitous under United States v. Jones, among other cases that the government said it was free. As respect to the attempted hopsack counts, the attempted hopsack extortion counts, and the threats of physical violence and physical violence to furtherance hopsack extortion counts, among TPB and the PB counts, you're right. The government's vision is they're not multiplicitous because, under Supreme Court's test and law firm, they require proof of facts, which the others don't. They require different elements as well. So for example, the attempted counts, they require, among other things, a specific intent to commit hopsack extortion. Whereas the TPB and the PB counts, they just require, among other things, a specific intent to commit the threats of violence and the physical threats of violence. Can you explain to me why it's not the threatening physical, why that's not a lesser included? Sure. Well, the first reason, as I just said, the elements are different. And they criminalize different facts. Well, yes. I mean, when you have a lesser included, it usually has one element less than the lesser offense. And so if an offense has four elements, perhaps a lesser included has three. So kind of tease out for me how, in this context, this threatening violence in furtherance of attempted extortion is not effectively a lesser of the attempted extortion. Sure. So I'll answer that in two folders. First, I'll give an example here. And then I'll quote the Supreme Court's in Shimer, which the governor said in his brief. Again, specifically here, they require different elements. So the attempt doesn't require actual threats of violence or actual threats of physical violence, whereas the TB and PB counts require actual threats of violence and actual threats of violence. That's why attempted Hobbs Act extortion, presumably, are not crimes of violence categorically, because they don't require an actual threat of violence. They might require an attempt to threaten violence that never comes off. And so the threat of violence count maybe is the greater offense, because it is a crime of violence, and it requires an actual threatened act of violence. All you need is a substantial step, in other words, towards putting into play a threat of violence to be guilty of attempted Hobbs Act extortion. But with respect to the other charge, you have to actually threaten violence. And actually threatening violence makes it a crime of violence categorically. To answer your question, I think, Your Honor, I'm misinterpreting you. Are you suggesting that it's the court's view that perhaps the TB and PB counts are the greater offenses than the attempt counts? Well, I'm trying to figure out whether they are greater. I can see why the threat count requires an element that the attempt does not require. Now I'm trying to figure out, on the other side, what is it, if anything, that makes the attempt charge contain an element that the threat charge does not? But I am saying, I don't see how the threat count is a lesser included offense. I'll give you an example, quoting, again, the Scheidler case from the Supreme Court, which I know was cited in three. So consider, quote, a hypothetical mobster who threatens violence and demands payment for business. Those threats constitute an attempt at extortion. But the subsequent acts of violence against a non-compliant business by the supporters of that mobster may not constitute attempted extortion and may be punishable as a conspiracy or as a specific prohibition of physical violence and further injustice. Right, I understand that. So what is it, on the flip side, what is it that is required by the attempt statute that is not also required of the threat? I get that the threat, the actual threat of violence, is an element of the threat charge that is not a required element of attempted extortion. So I see that. But remember, we've got a Venn diagram, and I've got to find an element of the attempt charge that is not encompassed in the threat. Like I said earlier, it's required with a specific intent. Yes, the intent side. You have to intend to commit Hobbs Act extortion, but you don't have to commit a violent threat or an act of violence to intend to commit Hobbs Act extortion. On the threatening side, you have to threaten or commit an act of violence, and it need only further the extortion. You don't need to know that it is furthering the extortion. It has to objectively further the extortion, but it does not require an intention to further the extortion. So that's why they're two separate offenses. They each, under Blockberger, have an element that is not within the other. And that's the argument as to why there, in fact, is no multiplicity in the first place. Correct, Your Honor. I know I'm over time, so I'm happy to answer your other questions. Well, I just have one question as far as the practical effect of all of this. If we were to find that there are multiplicitous counts that should have been dismissed somewhere along the way, and the defendant is entitled to have those counts, or some of those counts, or some selection of those counts dismissed, let's assume hypothetically that he's also entitled to a complete redo on the sentence. Under the complete redo of the sentence, depending on which counts got dismissed, there may or may not be any 924Cs at all. And if there are, they would be sentenced without the stacking of the second or subsequent charges at 25-year level. So the court would not be required to impose the mandatory minimum sentence that the court came out with. Of course, the court would still have 80 years worth of sentencing time to work with if the court thought that 57 years was appropriate. But if the court had imposed that sentence because the court had to, and free of the mandatory sentences, the court might have found something less than 57 years to be appropriate. That's something that could happen on resentencing, right? So again, putting aside the argument, I know Your Honor just addressed multiplicity. But again, the government's also submitting that there is no case that the government's aware of that's held or suggested that an alleged challenge to an unsettled position of law could be an action. Yeah, yeah, yeah, we're there. We're there. I'm asking about if we disagree about all of that. And he gets some relief. Does A, does that relief require resentencing, global resentencing? And B, if it does, would you agree that the judge would not have a 57-year mandatory minimum to deal with? Well, it's not necessarily clear, Your Honor, because under this court's law in the United States being a COLA, T, P, and P are predicate crimes of violence under 924C. So if resentence had the time. Yeah, but wouldn't it just be 5 plus 5 plus 5, or brandishing 7 plus 7 plus 7, or something like that, rather than 25-year, you know, now that the Congress has overruled the Supreme Court's decision and deal, which I always thought was wrong, he would not have 5 plus 25 plus 25, or 7 plus 25 plus 25, right? You're correct, Your Honor, but as Your Honor is also aware, in my comment to you, it was egregious. And there's no telling either way. It's not in the record. Well, the judge did impose sort of the least he could do under the law applicable at the time, which does not smack of, I would have done, the judge didn't say I would have done the same thing if there were no mandatory minimums. The judge certainly didn't do anything more than the mandatory minimums that applied at the time. I will also say, Your Honor, which is not in the record, but which is in the record is the government moved for an adjournment in this case regarding what isn't in the record is that they were tossed out  And that was because once this case, once the government believes that, Your Honor, denied the appeal, and the district court has retained their jurisdiction, the government proposed that the appellate be pursuant to Federal Civil Procedure 60B-6 with the government's consent to be relieved from the final judgment. And the other reason justifying relief would be the government's consent to dismissal of the 924C counts. In other analogous prosecutions, So wait, wait, wait, wait, wait. You're telling me there was a motion to adjourn this argument that was denied? Is that the adjournment? What was the adjournment that was denied? There was no denial of adjournment. There was an adjournment of this appeal that was delayed because there were discussions between the government and counsel regarding the resolution of this case sort of in line with what Your Honor was just suggesting. Well, wait, I don't think that we need to know about any confidential discussions between the parties other than to ask whether there is still a possibility on the table that this could be resolved by some agreement of that sort. What I was getting at, Your Honor, is once the district court retains jurisdiction of this case, that is what the government is proposing that be the other side. We'll move so on the government's consent, which is to be relieved from the final judgment. And the other reason justifying relief... Yeah, but the district... When the district court gets... You mean if we were to affirm this sentence, that deal is still on the table? It's the government's position that it would not oppose appellant's counsel again. In fact, it's beyond the government's consent. We're moving pursuant to Rule 66 to relieve from the final judgment. And again, the other reason justifying relief... Would you... This is getting a little crazy. Is there on the table the possibility that this appeal could be withdrawn if the parties agreed to that relief? And we just remand it to the district court for that plan to be put into play. No, Your Honor. That's not the case, Your Honor. What the government's position would be before the district court, assuming Your Honor should deny the appeal and they retain jurisdiction of this case. That would be the government's position. I don't understand. You're saying that if you win, you'll still do that. That's what you're telling me? That is the government's position, correct. I don't think he's talking to you. Okay. All right. Thank you. Okay. Doesn't that give you everything you want? It sure would if it was remanded by the court of appeals to give the district court jurisdiction over the case. I can't just file a motion... But if you both agreed to do that and made a joint application to this court to remand the case to the district court... I proposed doing that, and that was rejected. The proposal is that it's done at the district court level and not here. Okay. I ask that the case be held in advance pending the resolution of this matter so that... How long do you want? Until the district court... Until this matter goes forward with a Rule 60 motion in front of the district court and it is either granted or not. You don't expect us to sit around and wait endlessly, do you? No, of course not. Which is one of the reasons I had to... But if the parties are agreed that a just result in this case would be for the district court to consider a new sentencing... Yes. Doesn't that give you everything that you would get if you won here? As a matter of... Yes, I agree with that 100%. If the district court had the ability to do what we both recommend the district court to do... But we can get... See what I'm saying? It's a final conviction. The court would have the... The court could grant it. We both agree. But what legal basis is there other than we both agree? There's no argument. There's no sending this back to the district court for the Second Circuit to re-examine it. I have to make the arguments here. And if I just may say with respect to Crudges just real quickly on the issues of the case I understand that the idea that Your Honor was saying this law about multiplicity is not new but even if it was fairly new and it's not, there's no change in law here. There are cases that deal with the unreasonable performance issue when even going so far as saying that the change in law counsel's failure to advocate for a position that was contrary to Circuit Crescent was found to be ineffective in USA v. Ward the decision of the Sixth Circuit. There's another argument out of the Tenth Circuit, USA v. Anderson both these... Neither of these are cited in the brief but Anderson is 636 Fed 3rd 578 USA v. Ward is 957 Fed 3rd 691 and I see that run out of time and with that I would ask Your Honor that we send this back to the District Court for a new sentencing proceeding so that we can work these matters out because I think there are legal issues that are troubling this Court and it's difficult to understand how these charges were charged together as one single time order or as two counts in one act with that Your Honor thank you very much